# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS F. KIESZEK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | Case No. EDCV 05-0840 JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. SECTION 406(b) |

**BACKGROUND**

On September 8, 2005, Thomas F. Kieszek ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for Disability Insurance Benefits. On September 17, 2005, plaintiff and Michael J. Astrue, Commissioner of Social Security ("defendant") filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on March 7, 2006, defendant filed an Answer to the Complaint. On May 4, 2006, the parties filed their Joint Stipulation.

On August 17, 2006, this Court remanded the case to allow the Administrative Law Judge ("ALJ") to fully explain his assessment of the opinion of plaintiff's treating physician and remedy the errors outlined in the Court's Memorandum Opinion and Order. On October 3, 2006, the Court entered an Order granting plaintiff's counsel the sum of $1,957.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

After further administrative proceedings, the ALJ determined that plaintiff was entitled to benefits. (See Declaration of William M. Kuntz ["Kuntz Decl."] ¶ 3, Exh. 2B). Thereafter, the Commissioner sent plaintiff a Notice of Award indicating an award of retroactive benefits in the sum of $37,689.00. (See Kuntz Decl. ¶ 4, Exh. 3).

On August 22, 2008, plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. Section 406(b) ("Motion") with an attached Declaration of William M. Kuntz. On August 28, 2008, defendant filed a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response").

## DISCUSSION

Congress authorized payment of a reasonable fee for representation of a successful social security claimant in court. 42 U.S.C. § 406(b). A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgment. 42 U.S.C. § 406(b)(1)(A); see Clark v. Astrue, 529 F.3d 1211, 1215-18 (9th Cir. 2008). This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Nor does it imply that all contingent fee agreements that provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se. Id. Instead, in order to recover fees under Section 406(b), an attorney for a successful claimant must show that the fee sought is within the 25 percent boundary and that the fee sought is reasonable for the services rendered in the course of his or her representation before the district court. Id. at 807-08

Accordingly, even when a contingent fee falls within the 25 percent boundary, the court may reduce the fee if the court finds it unreasonable. Id. at 807. In order to determine whether a fee is reasonable, courts have considered the attorney's recovery based on the character of the representation and the results the representation achieved. Id. at 808. For example, if the attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Gisbrecht, 535 U.S. at

808.  Similarly, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to avoid a windfall for the attorney.  Id.; see also Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in comparison to the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex.").  If the contingent fee is found to be unreasonable, the court must adjust the attorney's recovery accordingly.  Gisbrecht, 535 U.S. at 808.

Here, plaintiff is a successful social security claimant and plaintiff's attorney may be awarded a reasonable fee under Section 406(b).  See 42 U.S.C. § 406(b)(1)(A) ("Whenever a court renders a judgment favorable to a claimant under [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ").

On August 10, 2004, plaintiff entered into a contingent fee agreement with his attorney.  (See Kuntz Decl. ¶ 2, Exh. 1).  Under the terms of the contingent fee agreement, plaintiff agreed that his counsel would receive a fee equal to 25 percent of the total retroactive benefits and the award was not to exceed $5,300.00.  (See Kuntz Decl. ¶ 2, Exh. 1).  Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 406(b).  In addition, there is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent fee agreement between a successful social security claimant and his or her attorney, the Court must determine whether the contingent fee is reasonable for the services rendered.  Gisbrecht, 535 U.S. at 807.  Here, plaintiff's counsel proposes to collect a fee of $3,422.00 based on 12.0 hours of attorney time for representation before the district court.  (Motion at 7; Kuntz Decl. ¶ 5, Exh. 4).  Defendant notes that such a fee results in an effectively hourly rate of $285.17.  (Response at 8).

To assess the reasonableness of counsel's fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel

spent working on the case before the district court. See Gisbrecht, 535 U.S. at 808-09. (See Motion at 7; Kuntz Decl. ¶ 5, Exh. 4). After considering the reasonableness of the fee request in light of the particular circumstances of this case and the risks associated with representation of numerous social security claimants on a contingent fee basis, the Court finds that $3,422.00 for 12.0 hours of attorney time for representation before the district court is reasonable.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for attorney fees is **GRANTED**. Attorney fees under Section 406(b) are awarded in the gross amount of $3,422.00, to be paid out of the sums withheld by the Commissioner from the benefits awarded to plaintiff. Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $1,957.00 to offset the fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: November 13, 2008

        /s/-Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE